UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 19-1909-JLS (KK)** | Date: | October 21, 2019 |
| Title: | *William Mello v. W. L. Montgomery, Warden* | | |

Present: The Honorable    KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:**    (In Chambers) Order To Show Cause Why Petition Should Not Be Summarily Dismissed As Second And Successive

# I.
# INTRODUCTION

On September 30, 2019, William Mello ("Petitioner") constructively filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254 challenging his 1989 convictions. The Petition appears subject to dismissal because it is second and successive. The Court will not make a final determination regarding whether the Petition should be dismissed, however, without giving Petitioner an opportunity to address this issue.

# II.
# PROCEDURAL HISTORY

On November 9, 1989, Petitioner was convicted of first-degree murder, burglary, and robbery after a jury trial in Riverside County Superior Court. Pet., dkt. 1 at 2.[1] Petitioner was sentenced to state prison for a term of life without the possibility of parole. Id.; Pet., dkt. 1-6 at 6-7.
///

---

[1] The Court cites to the pages of the Petition as they are paginated on the Court's electronic docketing system.

Petitioner appealed his convictions to the California Court of Appeal, which affirmed the judgment in a reasoned decision on July 12, 1991.  California Courts, Appellate Courts Case Information, Docket, https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist= 42&doc_id=640855&doc_no=E007750&request_token=NiIwLSIkTkg%2FW1BJSCNNUEtIQFg 6UlxbIyMuWz9TMCAgCg%3D%3D (last updated Oct. 21, 2019 9:46 AM).[2] Petitioner then filed a petition for review in the California Supreme Court, which was denied on October 3, 1991.  Pet., Dkt. 1-6 at 15.

In 1992, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("1992 Petition") in this Court challenging his 1989 conviction.  See Pet. Dkt. 1-6 at 17-19; see also Mello v. Marshall, 52 F.3d 334 (9th Cir. 1995).  In the 1992 Petition, Petitioner argued his accomplice's appearance at Petitioner's trial in prison clothing and shackles denied him a fair trial.  Id.  The Court denied the 1992 Petition on the merits.  Id.

Petitioner appealed the denial of the 1992 Petition to the Ninth Circuit.  Id.  On April 7, 1995, the Ninth Circuit affirmed the denial of the 1992 Petition.  Id.

On September 30, 2019, Petitioner constructively filed the instant Petition, challenging his 1989 convictions on the following grounds:

1. The evidence is insufficient to support the jury's special circumstances findings and Petitioner's consequent LWOP sentence in light of new California case law regarding the "felony murder rule", Pet., dkt. 1 at 5, 14-23.
2. "§ 1170.95 Petition for Sentencing Recall" pursuant to SB-1437, id. at 5, 23-25.
3. "Double Jeoprody [sic]; due process; fraud; and Jurisdiction", id. at 6, 28-30.

## III.
## DISCUSSION

Habeas petitioners generally may file only one habeas petition challenging their conviction or sentence.  See 28 U.S.C. § 2244(b)(1).  Hence, if a prior petition raised a claim that was adjudicated on the merits, a petitioner must "move in the appropriate court of appeals for an order authorizing the district court to consider the [second or successive petition]."  Id. § 2244(b)(3)(A); McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009); Goodrum v. Busby, 824 F.3d 1188, 1194 (9th Cir. 2016) ("As a general principle, . . . a petition will not be deemed second or successive unless, at a minimum, an earlier-filed petition has been finally adjudicated.").  Absent proper authorization from the court of appeals, district courts lack jurisdiction to consider second or successive petitions and must dismiss such petitions without prejudice to refiling if the petitioner obtains the necessary authorization.  Burton v. Stewart, 549 U.S. 147, 152-53, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application." (citation omitted)); 28 U.S.C. § 2244(b)(2).

---

[2] The Court takes judicial notice of its own records and files as well as Petitioner's prior proceedings in the state courts.  Fed. R. Evid. 201(b)(2); In re Korean Air Lines Co., 642 F.3d 685, 689 n.1 (9th Cir. 2011); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

Here, the instant Petition challenges the same convictions that were challenged in the 1992 Petition which was adjudicated on the merits. See Dkt. 1. Consequently, the instant Petition is second or successive to the 1992 Petition. As Petitioner has not presented any documentation indicating the Ninth Circuit has issued "an order authorizing the district court to consider the application," the Court lacks jurisdiction over the claims, and the instant Petition is subject to dismissal. 28 U.S.C. § 2244(b)(3)(A).

### IV.
### ORDER

Thus, the Court ORDERS Petitioner to respond **no later than November 12, 2019** by electing one of the following options:

1. File a written response explaining the Petition is not a second and successive petition or showing that the Ninth Circuit has authorized review of this Petition. If Petitioner contends the Petition is not a second and successive petition, Petitioner should clearly explain this and attach any supporting documents showing that his claim is not second and successive to his prior claim; or

2. Voluntarily dismiss this action without prejudice. Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of Court has attached A Notice of Dismissal form.** However, the Court warns any dismissed claims may be later subject to the statute of limitations, because "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).

If Petitioner fails to demonstrate the Petition is not a second or successive petition, **or fails to respond by November 12, 2019**, the Court will dismiss the Petition without prejudice as a second and successive petition and/or for failure to prosecute and obey court orders. See Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**